**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRAYAN JOSUE ANDRADE MENDEZ, AKA Mia Elizabeth Andrade Mendez, | No. 17-72167 |
| Petitioner, | Agency No. A209-279-698 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Petitioner Brayan Josue Andrade Mendez ("Petitioner"), a native and citizen

of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of her appeal from an Immigration Judge's ("IJ") final order of removal.

Petitioner argues the BIA erred in denying her applications for asylum,

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and relief under the Convention Against Torture ("CAT"). Mendez claims to fear harm because of her status as a transgender woman. We have jurisdiction under 8 U.S.C. § 1252. We deny Mendez's petition for review.

Substantial evidence supports the BIA's affirmance of the IJ's denial of relief. An asylum applicant must show he or she is unable or unwilling to return to his or her home country because of persecution or a well-founded fear of persecution on account of a protected ground, 8 U.S.C. §§ 1158(b)(1)(A), (B)(i); 8 U.S.C. § 1101(a)(42)(A), and that the persecutor is the government or persons or groups the government is unable or unwilling to control, *see Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000).

Petitioner describes a past harm that rises to the level of persecution: sexual abuse during early childhood by a family friend. The abuse occurred many years before Petitioner identified or expressed her transgender identity, so this persecution lacks nexus to a protected ground. Further, the abuser was later caught, convicted, and jailed for similar abuse of a young boy, so Petitioner has not shown the government was unwilling or unable or to control the abuser. *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (the government's response "may provide powerful evidence" of its "willingness or ability to protect the requestor"),

2

*overruled in part on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

Petitioner describes instances of discrimination that do not rise to the level of persecution. Petitioner testified her mother threw her out of the family home at age 17 because of her transgender identity and broke her tooth, that she was fired from her job in a supermarket, and she was not permitted to register for an educational course. Petitioner testified she was shoved against a wall and tasered by police while resisting a search of herself and other sex workers she believed to be unlawful, and that police hit her with a stick and pulled and dislocated her arm while breaking up an LGBTI rights march Petitioner helped organize.

These instances are discrimination or harassment, but they do not rise to the level of persecution, either individually or in aggregate. *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (a single incident of detention during which Gu was struck in the back with a rod, required to report to police four or five times thereafter, and warned against illegal activities by his employer but allowed to return to his job without negative consequences was not persecution); *Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir. 1995) (being detained in a police cell for 4-6 hours, hit in the stomach, kicked from behind, and interrogated, but not charged, then released, and not detained again, is harassment but does not constitute

persecution); *cf. Guo* v. *Ashcroft,* 361 F.3d 1194, 1197–98 (9th Cir. 2004) (being subjected to an arrest and 15 day detention, beatings, kicks, and shocks with an electrically-charged baton, does constitute persecution). Further, an applicant must show the persecutor is the government or persons or groups the government is unable or unwilling to control. *Avetova-Elisseva*, 213 F.3d at 1196. For some of these instances (job loss, family estrangement), Petitioner also did not show that the government was the entity discriminating against her or was unable or unwilling to control the person or entity discriminating against her.

Petitioner testified that she was threatened by clients for whom she was a sex worker if she exposed them as her clients, that a gang member demanded protection money from biologic and transgender women including Petitioner, and that the gang member threatened Petitioner and demanded she leave his territory because he believed Petitioner was involved with a rival gang. These incidents are unrelated to Petitioner's status as a transgender woman, thus there is no nexus between the harm Petitioner suffered in these incidents and Petitioner's transgender identity. *Prasad*, 47 F.3d at 340 (nationwide government curfew in effect for all religions not connected to the petitioner's religious practice).

Petitioner raised a disfavored group and pattern and practice claim for the first time in briefing before this court. A petitioner must exhaust administrative

remedies for an issue for the court to have jurisdiction to review that issue. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Because Petitioner did not raise this issue in her appeal brief to the BIA, it is unexhausted and the court lacks jurisdiction to review it. *Id.*

Withholding of removal is available to an alien if she can show a "clear probability" that her life or freedom would be threatened on account of an enumerated ground. *INS v. Stevic*, 467 U.S. 407, 430 (1984). Petitioner did not meet the less stringent "well founded fear of persecution" standard required for asylum, and so she has not met the more stringent "clear probability" standard for withholding of removal. *Fisher v. INS*, 79 F.3d 955, 961, 965 (9th Cir. 1996). The nexus standard for withholding of removal is less demanding than the nexus standard for asylum. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The court need not draw a distinction between the difference in standards where, as here, substaintial evidence supports the BIA's determination that there was no nexus between the incident of persecution Petitioner identified, sexual abuse during early childhood, and the protected ground. *Id.* (citing *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)).

Regarding CAT relief, Petitioner stated a general fear of gangs and homophobic individuals. Petitioner has not shown it is "more likely than not" she

would be tortured by the government or the government would "consciously close their eyes to the [torture]" of Petitioner by others. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014) (upholding denial of a CAT claim for an alien who testified she had been kidnaped and raped by masked men in retaliation for her husband's political views but police said they did not have sufficient information and declined to investigate, and stating evidence a government has been "generally ineffective in preventing or investigating" crime does not raise an inference it acquiesced to torture, and adding that country reports showing Guatemala's steps to combat violence against women had been ineffective do not compel a conclusion that it acquiesced to torture).

**PETITION FOR REVIEW DENIED.**